```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
------------------------------x
                              :
UNITED STATES OF AMERICA      :
                              :
                              :
v.                            :     CRIM. NO. 3:15CR168(AWT)
                              :
RAYMOND MORALES               :
                              :
                              :
------------------------------x
```

## ORDER MODIFYING AN IMPOSED TERM OF IMPRISONMENT

For the reasons set forth below, defendant Raymond Morales's Letter Motion to Reduce Sentence, filed pursuant to 18 U.S.C. § 3582(c)(1)(A), (ECF No. 747) is hereby GRANTED. The defendant's sentence is reduced to time served.

Section 3582(c)(1)(A) of Title 18 of the United States Code, requires as an initial matter that:

> the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A). Assuming a defendant has exhausted administrative remedies, a court may reduce a term of imprisonment under Section 3582(c)(1)(A)(i) if, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, the court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the

Sentencing Commission". 18 U.S.C. § 3582(c)(1)(A)(i).

The defendant has satisfied the requirement with respect to exhaustion of administrative remedies. In addition, after a review of the history of this matter, the present circumstances of the defendant and his co-parent, the factors set forth in 18 U.S.C. § 3553(a) and the release plan prepared by the defendant and his co-parent, the court finds that extraordinary and compelling reasons warrant reduction of the defendant's sentence to time served.

After being arrested on February 22, 2016, the defendant entered a guilty plea on June 16, 2016 to Count One of the Second Superseding Indictment, which charged the defendant with conspiracy to distribute and possess with intent to distribute oxycodone in violation of Sections 841(a)(1), 841(b)(1)(C) and 846 of Title 21 of the United States Code. The defendant was sentenced on November 28, 2016. After a departure made pursuant to United States v. Fernandez, 877 Fed. 3d 1138 (2d Cir. 1989), in order to give effect to the parties' intent in the plea agreement, the defendant's total offense level was 25 and he was in Criminal History Category V. The court then departed from Criminal History Category V to Criminal History Category IV, which resulted in an advisory range of 84 months to 105 months of imprisonment. The court concluded that the purposes of sentencing that most needed

to be served in the defendant's case were just punishment and reflecting the seriousness of the offense. The court imposed a sentence at the bottom of the advisory range based on a number of factors that suggested that there is a low risk of recidivism, including the significant period of time during which the defendant had been a law abiding citizen just prior to committing the offense and the nature of the triggering events that contributed to his committing the offense; the fact that at the time of his arrest, the defendant was trying to turn his life around; and the defendant's exemplary conduct while on release pending sentencing. An additional pertinent factor in terms of his low risk of recidivism, which is most significant for purposes of the instant motion and is discussed below, was the fact that the defendant was involved as a co-parent to a degree that was exceptional.

Following his arrest, the defendant was detained for less than a month. After sentencing he was allowed to voluntarily surrender, and he surrendered on January 10, 2017. The defendant's current projected release date is February 3, 2023. It appears that, with good time credit, the defendant has served almost 70% of his sentence.

The Presentence Report reflected that the defendant had been a very involved and supportive father and noted that he had had

3

conversations with his children about his criminal conduct and the consequences he faced as a result of that conduct as a means of providing them guidance.  Letters received from the defendant's co-parent provided impressive details with respect to the nature and extent of the defendant's involvement with his children and his provision of emotional and financial support for the co-parent -- and in addition, the extent of his involvement as a father figure for the children of his co-parent's sister.  This latter point was elaborated on in a letter from the co-parent's sister.  At sentencing the defendant's concern about how his own children and his nephew and niece would fare in his absence was front and center in his remarks to the court to a degree that was extraordinary.  It was so exceptional that the court offered to meet with them and give them encouragement -- an offer which the defendant promptly accepted.  The defendant had given thought to and had a plan for how he could continue to be a supportive presence for these children while he was serving his sentence. While the court viewed all of this as very commendable in terms of what it showed about the defendant's character, it was not a material factor in the court's weighing of the Section 3553(a) factors.

    The defendant's co-parent has submitted a letter in support of the instant motion.  The co-parent works at a large hospital.

She is not a doctor or nurse but works as a supervisor in a department whose work is critical to reducing healthcare associated infections.  Her job is an important one but society at large tends to undervalue it -- so while some people are able to draw on financial resources to help manage challenges presented by the pandemic, she is not one of them.  The co-parent has had to work very long hours throughout the pandemic and at times has had to maintain distance from her children because of the risk of transmitting Coronavirus.  At the same time, she has struggled to keep up on her own with the demands associated with supporting the children's education.  Contact with the defendant, which had been a significant part of the support structure, has been minimal because of extended lockdowns, extremely short phone calls and the inability to have in-person visits, all of which were steps taken by the prison to manage risks associated with the pandemic.  The co-parent's sister has also submitted a letter in support of the instant motion.  She also reports how things that had helped the co-parent manage were disrupted as a result of the pandemic, simultaneously with the requirement that the co-parent work such long hours.  The details provided by the co-parent's sister in her letter help persuade the court that the details provided by the co-parent in her letter demonstrate that early release of the defendant will have a very significant positive impact on the live

of a co-parent who is making an essential contribution to our healthcare system.  (Coincidently the sister reports that the defendant still played an active role in the lives of her children, even while in prison, and this makes all the more persuasive the co-parent's statements.)

Assessing the foregoing facts and circumstances in the framework of the applicable Section 3553(a) factors, the court concludes that extraordinary and compelling reasons warrant reducing the defendant's term of imprisonment to time served.  The fact that the defendant's deep involvement as a co-parent has significant consequences not only his children (as well as the niece and nephew) but also his co-parent is not something that is now being highlighted for the first time in this case in order to support the instant motion.  What is new is the increased burdens on a worker who performs a critical role at a hospital that is not adequately recognized and appreciated for purposes of the instant motion, while she simultaneously shoulders a heavier parental burden as a result of both the dynamics of the pandemic in her community and the restrictions on the defendant's ability to be as supportive as he was prior to the pandemic.

The defendant committed a serious offense and the sentence that was imposed reflected that, as well as the need for just punishment.  Notwithstanding the defendant's criminal record,

there was no need for specific deterrence, nor any need to protect the public from further crimes committed by him.  Meanwhile, the defendant has demonstrated that he continues to take significant steps towards rehabilitation.  In addition, the defendant has served almost 70% of the sentence that was imposed.  The situation in which the defendant's co-parent finds herself as a result of the COVID-19 pandemic while she is simultaneously making a significant contribution to our community's effort to deal with it, coupled with the difference the defendant's immediate release will make, outweighs the need to serve those purposes of sentencing through requiring the defendant to complete the balance of the sentence that was imposed.  Also, the court has reviewed the sentences imposed on the co-defendants in this case, and a reduction in the defendant's sentence will not result in an unwarranted sentence disparity with respect to any of them.

    Thus this is not a situation where the court is reducing a sentence merely because the defendant has done an outstanding job as a co-parent, or merely because the co-parent is an essential worker who has parental responsibilities.  Rather the defendant and his co-parent present a combination of very unusual facts and circumstances that the court finds to be extraordinary and compelling.

    The defendant's motion and the letter from his co-parent both

reflect that they have coordinated on a release plan.  There is a plan for employment, as well as a backup plan.  The defendant will be living with his co-parent and their children and the defendant also anticipates volunteering at local food banks and shelters to help the community.  At sentencing, the defendant faced a supervised release term of at least three years, and the court imposed a three-year term of supervised release.  In connection with the reduction of the defendant's sentence, the court will add one year to the term of supervised release and also add a special condition that the defendant perform 200 hours of community service at a rate to be determined by the court once he has obtained employment.

    It is so ordered.

    Signed this 16th day of February, 2021 at Hartford, Connecticut.

                                             /s/AWT
                                  Alvin W. Thompson
                         United States District Judge